UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22703-BLOOM/Otazo-Reyes

SAFETY NAILER LLC,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

**SEALED ORDER ON ALTERNATE SERVICE OF PROCESS**

**THIS CAUSE** is before the Court on Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3). ECF No. [9] ("Motion"), filed on July 27, 2021. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I. BACKGROUND**

This case involves claims of trademark counterfeit and infringement. Plaintiff alleges that Defendants,[1] through e-commerce stores, are advertising, promoting, offering for sale, or selling goods that Plaintiff has determined to be counterfeits, infringements, reproductions, and/or colorable imitations of Plaintiff's respective registered trademarks. *See generally* ECF No. [1].

In the Motion, Plaintiff seeks an order authorizing service of process on Defendants by e-mail and website posting and argues that electronic service by these means is sufficient to provide

---

[1] Defendants are listed in Schedule A, ECF No. [1-1], which is attached to the Complaint, ECF No. [1],

notice to Defendants, who reside in or operate out of the People's Republic of China ("China") and other foreign countries and who have established Internet-based businesses that utilize electronic methods as reliable forms of contact. *See* ECF No. [10] ¶ 19.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(f)(3) permits a district court to order an alternate method for service to be effected upon foreign defendants, provided that it is not prohibited by international agreement and that it is reasonably calculated to give notice to the defendants. *See Brookshire Bros. v. Chiquita Brands Int'l, Inc.*, No. 05-cv-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)). "Constitutional due process requires only that service of process provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Chanel, Inc. v. Zhixian*, No. 10-cv-60585, 2010 WL 1740695, at *3 (S.D. Fla. Apr. 29, 2010) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306, 314 (1950)).

"A party seeking authorization for alternate service under Rule 4(f)(3) need not attempt service by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the Court for 4(f)(3) relief." *Sec. & Exch. Comm'n v. Palm House Hotel, LLLP*, No. 18-cv-81038, 2018 WL 9849603, at *1-2 (S.D. Fla. Nov. 7, 2018) (citation omitted). "The decision to accept or deny service by alternate means pursuant to Rule 4(f)(3) falls soundly within the discretion of the district court." *Id.*

## III. DISCUSSION

Here, service by e-mail and by website publication are not prohibited by international agreement. The United States and China are signatories to the Hague Convention on the Service

Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). *See* Status Table: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (contracting parties).

The Hague Convention does not specifically preclude service by e-mail and Internet publication. Further, "[w]here a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or publication." *Karsten Mfg. Corp. v. Store*, No. 18-cv-61624, 2018 WL 8060707, at *1 (S.D. Fla. July 26, 2018) (citation omitted). "A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where a signatory nation has not expressly objected to those means." *Id*.

China has not objected to service by e-mail or by Internet publication. While China has declared that it opposes the service of documents in its territory by the alternate means of service outlined in Article 10 of the Convention, including the service of process by postal channels, it has not expressly objected to service via e-mail or publication. Accordingly, service by these means does not violate any international agreement.

Additionally, due process is not offended by permitting alternate service here. Defendants have at least one known, valid form of electronic contact and Plaintiff has created a website for the sole purpose of providing notice of this action to all Defendants. The URL for this website will be provided to Defendants through their known e-mail accounts and onsite contact forms embedded in their respective e-commerce stores or websites.

Service by e-mail and website posting is therefore reasonably calculated under all circumstances to apprise Defendants of the pendency of this action and afford them an opportunity

to present their objections. Moreover, they are the most likely method of communication to reach Defendants, who operate on the Internet and rely on electronic communications for the operation of their businesses. *See Tiffany (NJ) LLC v. DORAPANG Franchise Store,* No. 18-cv-61590, 2018 WL 4828430, at *3 (S.D. Fla. July 17, 2018). Thus, the Court will exercise its discretion to allow service on Defendants through e-mail and website posting.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [9]**, is **GRANTED**. Plaintiff is permitted to serve the summonses, the Complaint, and all other filings and discovery in this matter upon each Defendant by:

1. by sending an e-mail that provides the address to Plaintiff's designated website in the e-mail to defendants to each Defendant via the e-mail accounts provided in connection with their e-commerce store, including customer service e-mail addresses and onsite contact forms, or by sending an e-mail to the e-mail amount for the e-commerce platform being used; and

2. by publicly posting a copy of the summonses, the Complaint, and all other filings in this matter on Plaintiff's designated website, posted at www.sriplaw.com/notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 27, 2021.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record