UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-22703-BLOOM/Otazo-Reyes**

SAFETY NAILER LLC,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

**ORDER ON RENEWED AND AMENDED MOTION FOR
ENTRY OF FINAL JUDGMENT BY DEFAULT AS TO CERTAIN DEFENDANTS**

**THIS CAUSE** is before the Court upon Plaintiff SAFETY NAILER LLC's ("SNLLC" or "Plaintiff") Renewed and Amended Motion for Entry of Final Judgment by Default, ECF No. [77] ("Motion"), filed on December 28, 2021. A Clerk's Default was entered against Defendants listed in Schedule "A" to the Complaint as 1-115, 119, 126, 127, 130, 138, 144, 158, 162, 163, 165, 166, 168, 171, 173, 174, 185, 187, 188, 193, 200, 205, 211-213, 215-216 (collectively, "Defendants"), and other defendants, on November 15, 2021. ECF No. [58].[1] Defendants failed to appear, answer, or otherwise plead to the Complaint despite having been served.

On November 30, 2021, Plaintiff filed a Motion for Entry of Final Judgment by Default. ECF No. [63]. On December 14, 2021, the Court denied the Motion for Entry of Final Judgment without prejudice, ordering Plaintiff to: (1) file either a report as to the status of service of process

---

[1] This Order does not apply to entities identified in Schedule "A" who have been dismissed from the case. Any references to "Defendants" in this Order are to Defendants listed in Schedule "A" to the Complaint as 1-115, 119, 126, 127, 130, 138, 144, 158, 162, 163, 165, 166, 168, 171, 173, 174, 185, 187, 188, 193, 200, 205, 211-213, and 215-216.

upon Defendants 195-198 or a Motion to Dismiss Defendants 195-198; and (2) file either a new Motion for Entry of Final Judgment by Default or a Notice of Joint Liability pursuant to the Court's subsequent Order on Default Judgment Procedures. ECF No. [72]. On December 14, 2021, Plaintiff dismissed Defendants 194-198 without prejudice. ECF No. [73]. On December 28, 2021, Plaintiff filed the instant Renewed and Amended Motion for Entry of Final Judgment by Default. ECF No. [77]. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Renewed and Amended Motion is granted in part and denied in part consistent with this Order.

## I. INTRODUCTION

Plaintiff sued Defendants for trademark counterfeiting and infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114; false designation of origin pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); copyright infringement under the Copyright Act, 17 U.S.C. §§ 106(1), (3), (4), 501; common law unfair competition; and common law trademark infringement.

The Complaint alleges that Defendants are advertising, promoting, distributing, and performing Plaintiff's copyrighted works using counterfeits and confusingly similar imitations of Plaintiff's registered trademarks within the Southern District of Florida by operating the Defendants' Internet based e-commerce stores operating under each of the Seller IDs identified on Schedule "A" attached to Plaintiff's Motion for Entry of Final Default Judgment.

Plaintiff further asserts that Defendants' unlawful activities have caused and will continue to cause irreparable injury to Plaintiff because Defendants have: (1) deprived Plaintiff of its right to determine the manner in which its trademarks are presented to consumers; (2) defrauded consumers into thinking Defendants' illicit copies of Plaintiff's copyrighted works are authorized by Plaintiff; (3) deceived the public as to Plaintiff's sponsorship of and/or association with

Defendants' counterfeit products and the websites on online storefronts through which such products are sold, offered for sale, marketed, advertised, and distributed; (4) wrongfully traded and capitalized on Plaintiff's reputation and goodwill and the commercial value of the Plaintiff's trademarks; and (5) wrongfully damaged Plaintiff's ability to market its branded products and copyrighted works and products and educate consumers about its brand via the Internet in a free and fair marketplace.

In its Motion, Plaintiff seeks the entry of default final judgment against Defendants in an action alleging trademark counterfeiting and infringement, false designation of origin, common-law unfair competition, common law trademark infringement, infringement of copyright, and infringement of patent. Plaintiff further requests that the Court: (1) enjoin Defendants' unlawful use of Plaintiff's trademarks, copyrighted works, and patent; (2) award Plaintiff damages; and (3) instruct any third-party financial institutions in possession of any funds restrained or held on behalf of Defendants to transfer these funds to the Plaintiff in partial satisfaction of the award of damages.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F. 3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975)); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). "Because a defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the Court must first determine whether there is a sufficient basis in the pleading for judgment to be entered." *Luxottica Group S.p.A. v. Individual, P'ship or Unincorporated Ass'n*, 17-CV-61471, 2017 WL 6949260, at *2

(S.D. Fla. Oct. 3, 2017); *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default . . . .").

If there are multiple defendants, the plaintiff must state in the Motion for Default Final Judgment that there are no allegations of joint and several liability, and set forth the basis why there is no possibility of inconsistent liability. Generally, if one defendant – who is alleged to be jointly and severally liable with other defendants – defaults, judgment should not be entered against that defendant until the matter is adjudicated against the remaining defendants. *See* 10A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2690 (3d ed. 1998) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("[A] final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.")). "Even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

Here, Plaintiff has stated in its Motion that there are no allegations of joint and several liability with respect to damages. Defendants remaining in the case have not appeared and have defaulted. Therefore, there is no possibility of inconsistent liability among the remaining Defendants and an adjudication may be entered. Therefore, upon a review of Plaintiff's submissions, the Court finds there is a sufficient basis in the pleading for the default judgment to be entered in favor of Plaintiff with respect to the defaulting Defendants.

## II.     FACTUAL BACKGROUND

Plaintiff is the registered owner of the trademark SAFETY NAILER, U.S. Reg. No. 5,544,356 for "Hand tools, namely, clamps" in International Class 8, registered on August 21,

4

2018, on the Principal Register of the United States Patent and Trademark Office ("SAFETY NAILER Mark"). Plaintiff has exclusive rights in and to the SAFETY NAILER Mark. Plaintiff is the owner of copyrights in photographs that Plaintiff uses to market and advertise its SAFETY NAILER products. Plaintiff registered its photographs with the Register of Copyrights on May 25, 2021, and was assigned the registration numbers VA 2-252-882 and VA 2-252-876 ("Copyrighted Works"). Plaintiff is the owner of U.S. Patent No. US 8,806,983 ("'983 Patent") entitled "Holder For Fasteners[.]" The '938 Patent relates to holders for holding nails while shielding the user's fingers from being struck by a hammer. SNLLC marks its SAFETY NAILER products, the Framing Nailer version and the Finish Nailer version, with the '938 Patent number.

Defendants, through the various Internet based e-commerce stores operating under each of the Seller IDs identified on Schedule "A" have advertised, promoted, offered for distribution, and/or distributed products using counterfeits, infringements, reproductions, and/or colorable imitations of the SAFETY NAILER Mark, Copyrighted Works, and '938 Patent. Plaintiff has submitted sufficient evidence showing each Defendant has infringed, at least, one or more of the SAFETY NAILER Mark, Copyrighted Works, and '938 Patent. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the of the SAFETY NAILER Mark or Patent, and/or reproduce or distribute the Copyrighted Works.

As part of its ongoing investigation regarding the sale of counterfeit and infringing products, SNLLC has an anticounterfeiting program that regularly investigates suspicious websites and online marketplace listings identified in proactive Internet sweeps and reported by consumers. These investigations have established that Defendants are using the various webstores on platforms such as Amazon, Wish, eBay, AliExpress, Alibaba, DHGate, Joom, NewEgg, Shopify, and others

to sell counterfeit products from foreign countries such as China to consumers in the United States. SNLLC accessed Defendants' Internet based e-commerce stores operating under their respective Seller ID names through Amazon.com, Wish.com, eBay.com, AliExpress.com, Alibaba.com, DHGate.com, Joom.com, NewEgg.com, Shopify.com.

Upon accessing each of the e-commerce stores, SNLLC viewed counterfeit products using the SAFETY NAILER Mark, SNLLC's registered copyrights, and the '983 Patent, added products to the online shopping cart, proceeded to a point of checkout, and otherwise actively exchanged data with each e-commerce store. SNLLC captured detailed web pages for each Defendant store. A representative for SNLLC personally analyzed the SAFETY NAILER items wherein orders were initiated via each of the Seller IDs by reviewing the e-commerce stores operating under each of the Seller IDs, or the detailed web page captures and images of the items bearing the SAFETY NAILER Mark and Copyrighted Works and Patent, and concluded the products were non-genuine.[2]

### III. ANALYSIS

#### A. Claims

#### 1. Trademark Counterfeiting and Infringement Pursuant to § 32 of the Lanham Act (15 U.S.C. § 1114) (Count I)

Section 32 of the Lanham Act, 15 U.S.C. § 1114, provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark: which is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114. In order to prevail on its trademark infringement claim under Section 32 of the Lanham Act, Plaintiff must demonstrate that

---

[2] Evidence of each Defendant's infringement was attached as Exhibit 4 to the Declaration of Kristen Eifes. *See* ECF No. [6-1].

(1) it had prior rights to the mark at issue; and (2) Defendants adopted a mark or name that was the same, or confusingly similar to Plaintiff's trademark, such that consumers were likely to confuse the two. *See Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.,* 106 F.3d 355, 360 (11th Cir. 1997)).

2.  **False Designation of Origin Pursuant to § 43(A) of the Lanham Act (15 U.S.C. § 1125(a)) (Count II)**

To prevail on a claim for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Plaintiff must prove that Defendants used in commerce, in connection with any goods or services, any word, term, name, symbol or device, or any combination thereof, or any false designation of origin that is likely to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval, of Defendants' services by Plaintiff. *See* 15 U.S.C. § 1125(a)(1). The test for liability for false designation of origin under 15 U.S.C. § 1125(a) is the same as for a trademark counterfeiting and infringement claim – i.e., whether the public is likely to be deceived or confused by the similarity of the marks at issue. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780 (1992).

3.  **Common Law Unfair Competition and Trademark Infringement (Counts III and IV)**

Whether a defendant's use of a plaintiff's trademarks created a likelihood of confusion between the plaintiff's and the defendant's services or goods is also the determining factor in the analysis of unfair competition under Florida common law. *Rolex Watch U.S.A., Inc. v. Forrester*, 1986 WL 15668, at *3 (S.D. Fla. Dec. 9, 1987) ("The appropriate test for determining whether there is a likelihood of confusion, and thus trademark infringement, false designation of origin,

and unfair competition under the common law of Florida, is set forth in *John H. Harland, Inc. v. Clarke Checks, Inc.*, 711 F.2d 966, 972 (11th Cir. 1983)."); *see also Boston Prof'l Hockey Ass'n, Inc. v. Dallas Cap & Emblem Mfg., Inc.,* 510 F.2d 1004, 1010 (5th Cir. 1975) ("As a general rule . . . the same facts which would support an action for trademark infringement would also support an action for unfair competition.").

The analysis of liability for Florida common law trademark infringement is the same as the analysis of liability for trademark infringement under § 32(a) of the Lanham Act. *See PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1217-18 (S.D. Fla. 2004).

### 4. Infringement of Copyright (Count V)

To prevail on a claim of direct infringement of copyright pursuant to the Copyright Act, 17 U.S.C. §§ 106(1), (3) and (4), Plaintiff must "satisfy two requirements to present a prima facie case of direct copyright infringement: (1) they must show ownership of the allegedly infringed material, and (2) they must demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1013 (9th Cir. 2001); *see also Disney Enters. v. Hotfile Corp.*, Case No. 11-20427-CIV-Williams, 2013 U.S. Dist. LEXIS 172339, at *94 (S.D. Fla. 2013).

### 5. Patent Infringement (Count VI)

The Patent Act provides, in relevant part, that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . infringes the patent." 35 U.S.C. § 271. A plaintiff moving for default judgment in a patent infringement action must allege that the defendant "makes, uses, offers to sell, or sells" a patented invention and show how the limitation of a patent claim was infringed. *See Unilin Beheer B.V. v. US Wood Flooring, Inc.,* No. 17-60107-ALTONAGA/O'Sullivan, 2017 WL 5953423, at *3 (S.D. Fla. June 22, 2017).

**B.     Liability**

The well-pled factual allegations of Plaintiff's Complaint properly allege the elements for each of the claims described above. *See* ECF No. [1]. Moreover, the factual allegations in Plaintiff's Complaint have been substantiated by sworn declarations and other evidence and establish Defendants' liability under each of the claims asserted in the Complaint. Accordingly, entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate.

**C.     Injunctive Relief**

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. *See* 15 U.S.C. § 1116(a). "Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad,* 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Moreover, even in a default judgment setting, injunctive relief is available. *See e.g.*, *PetMed Express, Inc.*, 336 F. Supp. 2d at 1222-23. Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.").

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay,*

*Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). Plaintiffs have carried their burden on each of the four factors. Accordingly, permanent injunctive relief is appropriate.

In trademark cases, "a sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS & Co.'s business reputation and might decrease its legitimate sales."). Plaintiff's Complaint alleges that Defendants' unlawful actions have caused Plaintiff irreparable injury and will continue to do so if Defendants are not permanently enjoined. Further, the Complaint alleges, the unauthorized counterfeit products sold, offered for sale, marketed, advertised, and distributed by Defendants are nearly identical to Plaintiff's genuine SAFETY NAILER products, and consumers viewing Defendants' counterfeit products would confuse them for Plaintiff's genuine products. *See id.* "Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of defendants' e-commerce stores as a whole and all products sold therein by their use of the SAFETY NAILER Mark." ECF No. [1] ¶ 137.

Plaintiff has no adequate remedy at law so long as Defendants continue to operate the Seller IDs because Plaintiff cannot control the quality of what appears to be its SAFETY NAILER products in the marketplace. An award of monetary damages alone will not cure the injury to Plaintiff's reputation and goodwill that will result if Defendants' infringing and counterfeiting and infringing actions are allowed to continue. Moreover, Plaintiff faces hardship from loss of sales and its inability to control its reputation in the marketplace. By contrast, Defendants face no

hardship if they are prohibited from the infringement of Plaintiff's trademarks and copyrights, which are illegal acts.

Finally, the public interest supports the issuance of a permanent injunction against Defendants to prevent consumers from being misled by Defendants' counterfeit products. *See Nike, Inc. v. Leslie*, 1985 WL 5251, at *1 (M.D. Fla. June 24, 1985) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior."). The Court's broad equity powers allow it to fashion injunctive relief necessary to stop Defendants' infringing activities. *See, e.g.*, *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for . . . [t]he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case." (citation and internal quotation marks omitted)); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

Defendants have created an Internet-based infringement scheme in which they are profiting from their deliberate misappropriation of Plaintiff's rights. Unless the listings and images are permanently removed, and the infringing goods destroyed, Defendants will be free to continue infringing plaintiff's intellectual property with impunity and will continue to defraud the public with their illegal activities. Therefore, the Court will enter a permanent injunction ordering all listings and associated images of goods bearing counterfeits and/or infringements of Plaintiff's SAFETY NAILER Mark, copyrights, or patent be permanently removed from Defendants' internet stores by the applicable internet marketplace platforms, and all infringing goods in Defendants' inventories in the possession of the applicable internet marketplace platforms destroyed.

### D. Statutory Damages for the Use of Counterfeit Marks

In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of products, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark per type of good or service. 15 U.S.C. § 1117(c)(1). In addition, if the Court finds that Defendants' counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per mark per type of good or service. 15 U.S.C. § 1117(c)(2). Pursuant to 15 U.S.C. § 1117(c), Plaintiff has elected to recover an award of statutory damages as to Count I of the Complaint.

The Court has wide discretion to determine the amount of statutory damages. *See PetMed Express, Inc.*, 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990)). An award of statutory damages is appropriate despite a plaintiff's inability to prove actual damages caused by a defendant's infringement. *Under Armour, Inc. v. 51nfljersey.com*, No. 13-62809-CIV, 2014 U.S. Dist. LEXIS 56475, at *22-*23 (S.D. Fla. Apr. 23, 2014) (citing *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent."); *Playboy Enter., Inc. v. Universal Tel-A-Talk, Inc.,* No. CIV.A. 96-6961, 1998 WL 767440, at *8 (E.D. Pa. Nov. 3, 1998) (awarding statutory damages where plaintiff failed to prove actual damages or profits). Congress enacted a statutory damages remedy in trademark counterfeiting cases because evidence of a defendant's profits in such cases is almost impossible to ascertain. *See, e.g.*, S. REP. NO. 104-177, pt. V(7) (1995) (discussing purposes of Lanham Act statutory damages); *see also PetMed Express,*

*Inc.*, 336 F. Supp. 2d at 1220 (statutory damages are "especially appropriate in default judgment cases due to infringer nondisclosure"). This case is no exception.

This Court may award statutory damages "without holding an evidentiary hearing based upon affidavits and other documentary evidence if the facts are not disputed." *Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-22020-CIV, 2007 WL 3047143, at *1 (S.D. Fla. Oct. 18, 2007). An evidentiary hearing is not necessary where there is sufficient evidence on the record to support the request for damages. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record.") (citations omitted); *see also PetMed Express*, 336 F. Supp. 2d at 1223 (entering default judgment, permanent injunction, and statutory damages in a Lanham Act case without a hearing).

Here, the allegations in the Complaint, which are taken as true, establish Defendants intentionally copied the SAFETY NAILER Mark for the purpose of deriving the benefit of Plaintiff's goodwill and reputation embodied in the mark. As such, the Lanham Act permits the Court to award up to $2,000,000.00 per infringing mark on each type of service as statutory damages to ensure that Defendants do not continue their intentional and willful counterfeiting activities.

The evidence in this case demonstrates that each Defendant sold, promoted, distributed, advertised, and/or offered for sale products bearing marks which were in fact counterfeits of the SAFETY NAILER Mark. *See* ECF No. [1]. Based on the above considerations, the Court awards statutory damages of $100,000.00 against each Defendant. The award should be sufficient to deter Defendants and others from continuing to counterfeit or otherwise infringe Plaintiff's trademarks, compensate Plaintiff, and punish Defendants, all stated goals of 15 U.S.C. § 1117(c). The Court

finds that this award of statutory damages falls within the permissible statutory range under 15 U.S.C. § 1117(c) and is just.

### E. Damages for False Designation of Origin

Plaintiff's Complaint also sets forth a cause of action for false designation of origin pursuant to § 43(a) of the Lanham Act (Count II). *See* 15 U.S.C. § 1125(a). As to Count II, the allowed scope of monetary damages is also encompassed in 15 U.S.C. § 1117(c). Accordingly, judgment on Count II is limited to the amount awarded pursuant to Count I and entry of the requested equitable relief.

### F. Damages for Common Law Unfair Competition and Trademark Infringement

Plaintiff's Complaint further sets forth a cause of action under Florida's common law of unfair competition (Count III) and trademark infringement (Count IV). Judgment on Count III and Count IV are also limited to the amount awarded pursuant to Count I and entry of the requested equitable relief.

### G. Damages for Copyright Infringement

Under 17 U.S.C. § 504, Plaintiff is entitled to recover either the actual damages suffered as a result of the infringement plus Defendants' additional profits, or statutory damages. Actual damages are "often measured by the revenue that the plaintiff lost as a result of the infringement, which includes lost sales, lost opportunities to license, or diminution in the value of the copyright." *Lorentz v. Sunshine Health Prods.*, No. 09-61529-CIV-MORE, 2010 U.S. Dist. LEXIS 148752, at *12 (S.D. Fla. Sep. 7, 2010). However here Defendants, who have not appeared, control all the necessary information for a calculation of relief under § 504(b). As a result, Plaintiff cannot calculate an amount recoverable pursuant to 17 U.S.C. § 504(b). Instead, Plaintiff seeks an award

14

of statutory damages for Defendants' willful infringement of plaintiff's copyrighted works under 17 U.S.C. § 504(c).

The allegations in the Complaint, which are taken as true, establish that Defendants 34, 108, and 111 ("Counterfeit Defendants") intentionally infringed Plaintiffs' copyrighted photographs for the purpose of advertising, marketing, and selling their counterfeit products. Plaintiffs suggest the Court award the highest award per work for willful infringement, $150,000. This award is within the statutory range for a willful violation, and is sufficient to compensate plaintiff, punish the Counterfeit Defendants, and deter Counterfeit Defendants and others from continuing to infringe Plaintiffs' copyrights.

### H. Damages for Patent Infringement

Plaintiff elected not to pursue actual damages under the Patent Act and is only seeking equitable relief in the form of a permanent injunction. The Court awards no damages for patent infringement.

### I. Attorney's Fees and Costs

Plaintiff seeks an award of reasonable attorney's fees pursuant to 15 U.S.C. §§ 1117(a). Courts routinely award attorney's fees and costs upon a finding of willful infringement under the Lanham Act and the Patent Act. *Volkswagen Group of Am., Inc. v. Varona*, 19-24838-CIV, 2021 WL 1997573, at *16 (S.D. Fla. May 18, 2021). Attorney's fees are available under § 1117(a) in exceptional cases even for those plaintiffs who opt to receive statutory damages under section 1117(c). *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 104–11 (2d Cir. 2012). The Copyright Act also provides for reasonable attorney's fees and costs to the prevailing party pursuant to 17 U.S.C. § 505.

Case No. 21-cv-22703-BLOOM/Otazo-Reyes

Section 1117(a) provides that a court may award attorney's fees "in exceptional cases." 15 U.S.C. § 1117(a). Meanwhile, Section 1117(b), which applies to the use of counterfeit marks, requires the court to award reasonable attorney's fees. Under either statute an award of fees is appropriate.

Plaintiff has established that Defendants acted willfully in their infringement of the SAFETY NAILER Mark. Defendants failed to respond or otherwise act, leading to unjustified delays and increased costs and fees. *See Arista Records, Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 131 (S.D. Fla. 2003). An award of attorney's fees and costs will serve the important functions of deterring future infringements, penalizing Defendants for their unlawful conduct, and compensating Plaintiff for their fees and costs. *Id.*

Plaintiff requests the Court award one-half (1/2) of the total attorney's fees incurred to date in this case, for a total of $31,179.75, plus court costs of $402.00. The Court determines that the hourly rates for Plaintiff's counsel are reasonable as established by the Declaration of Joel Rothman. The amount and rates are also reasonable for the work performed as compared to other similar litigation.

The allegations in the Complaint establish that Defendants are causing and contributing "to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for plaintiff's genuine goods," and that they are causing concurrent and indivisible harm to plaintiff and the consuming public by "(i) depriving plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of plaintiff's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the SAFETY NAILER Mark, and (iii) increasing plaintiff's overall cost to market its goods and educate consumers via the Internet." ECF No. [1] ¶¶ 86, 87. The Court

16

finds these allegations sufficient to assess Plaintiff's attorney's fees and costs against Defendants jointly and severally. *See Stanley Black & Decker, Inc. v. D&L Elite Invs., LLC*, No. C 12-04516 SC (LB), 2014 WL 3738327, at *20 (N.D. Cal. June 20, 2014), *report and recommendation adopted*, No. 12-CV-04516-SC, 2014 WL 3728517 (N.D. Cal. July 28, 2014) (entering attorney's fee award against defendants jointly and severally).

For the foregoing reasons, the Court finds that Plaintiff SNLLC, as the prevailing party, is entitled to reasonable attorney's fees and costs in the amount of $31,581.75.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [77]**, is **GRANTED IN PART AND DENIED IN PART.**

    a. Plaintiff's Motion, **ECF No. [77]**, is **GRANTED** with respect to Defendants numbered in Schedule "A" to the Complaint as 1-115, 119, 126, 127, 130, 138, 144, 158, 162, 163, 165, 166, 168, 171, 173, 174, 185, 187, 188, 193, 200, 205, 211-213, 215-216.

    b. Plaintiff's Motion, **ECF No. [77]**, is **DENIED** with respect to all other defendants who have been dismissed from this case.

2. Final Default Judgment will be entered by separate order.

3. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 29, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Case No. 21-cv-22703-BLOOM/Otazo-Reyes

Counsel of Record